UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA, | ) |
|---|---|
| v. | ) Cr. No. 19-10333-MLW |
| HILDEGAR CAMARA, Defendant. | ) |

MEMORANDUM AND ORDER (UNDER SEAL)

WOLF, D.J.                                         September 11, 2019

On September 10, 2019, the court ordered the government to file any additional document(s) necessary to provide the court with the complete plea agreement in this case.[1] In response, on September 11, 2019, the government filed an Assented to Motion to Seal a September 3, 2019 Cooperation Agreement with defendant Hildegar Camara. For the reasons explained in the attached April 24, and 29, 2019 Memoranda and Orders in United States v. Darren DeJong, Cr. No. 18-10307-MLW (Docket Nos. 51, 53), the court questions whether sealing of the Cooperation Agreement is

---

[1] It is essential that the court have all the documents that together constitute a defendant's plea agreement in order to permit it to determine whether a proffered plea is voluntary, see Fed. R. Civ. P. 11(b)(2), and to assure that the defendant understands the rights he is giving up by pleading guilty, see Rule 11(b)(1), particularly including any waiver of the right to appeal his sentence, see Rule 11(b)(1)(N) and United States v. Teeter, 257 F.3d 14, 24 (1st Cir. 2001).

justified.[2] The government has not, as required by Local Rule 7.2(b)(1), filed an affidavit and memorandum in support of the Motion to Seal. The court is providing both parties an opportunity to do so.

Accordingly, it is hereby ORDERED that, by September 16, 2019:

1. The government and the defendant shall each file either (a) a statement that sealing of the Cooperation Agreement is no longer requested; or (b) an affidavit and memorandum in support of the request to seal the Cooperation Agreement which, among other things, addresses whether Camara's cooperation has been disclosed to one or more defendants in other cases, or reported in the media.

2. This Order shall be sealed, at least temporarily in order to preserve the confidentiality of the existence of the Cooperation if the sealing of it proves to be justified.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE

---

[2] The attached Memoranda and Orders in DeJong were each unsealed. See Cr. No. 18-10307, Docket No. 56.